THE CONSOLIDATED KANSAS CITY SMELTING AND REFINING COMPANY V. STEPHEN S. SHARBER.

No. 14,175. (81 Pac. 476.)

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Personal Injuries—Evidence Sufficient to Sustain Verdict.* There was sufficient evidence in this case to sustain the verdict attributing negligence to the defendant, and the demurrer of the defendant to the evidence of the plaintiff was properly overruled, and the case was properly submitted to the jury.

2. ——— *Evidence—Instructions.* No material error is found in admitting or excluding evidence, nor in the instructions to the jury.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed July 7, 1905. Affirmed.

STATEMENT.

THE plaintiff in error owned a smelting plant at Argentine, and maintained in connection with the plant a structure about 250 feet in length, east and west, consisting of one brick and one stone wall, extending the length of the structure, about twelve feet

apart and about fourteen feet high. The south wall rested against a bank of earth for all, or nearly all, its height. Between these walls, and resting upon and against them, was a brick arch extending the length of the structure. The top of the arch was nearly as high as the top of the walls, and the bottom, or feet, of the arch rested against the wall, about four feet from the top. The structure had been covered by a roof, from which was suspended a steel or iron flue about three feet in diameter, made of boiler-iron about one-eighth of an inch thick. This flue extended the entire length of the structure. The roof was removed about two months before the accident in question occurred, and the iron flue was let down upon rods extending from one wall to the other. Some time after the structure was built the north, or brick, wall was supported from falling out by buck stays, consisting of standard railroad iron placed perpendicularly against the wall at intervals of about ten feet. The lower ends of the buck stays were sunk into the earth and embedded in cement, and the upper ends were supported by iron rods extending into the south wall. The smelting company, having discontinued business at this place, was tearing down this structure, and employed the defendant in error as a workman to assist in the work. He had been employed about the building for a number of days prior to the accident, in cleaning and divers work, but had been employed only one day prior to the accident in question in directly assisting to take down the structure. The work of taking down the structure was in charge of a foreman named Clifford. On the day of the accident the defendant in error was assisting in removing the buck stays, the rods supporting them at the top having been cut loose, allowing the heavy iron flue to settle on top of the arch. The defendant in error and others were removing the stays by pounding iron bars into the cement and breaking it loose by striking the bars.

While so engaged a portion of the north wall fell outward upon the defendant in error and injured him. He brought this action in the court of common pleas for damages for the injury, and after trial to the court and a jury recovered a verdict and judgment for $1500. The smelting company brings the case here for review.

*Harkless, Crysler & Histed,* and *A. L. Berger,* for plaintiff in error.

*T. A. Pollock,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The conclusion at which the court has arrived as to the merits of the action makes it unnecessary to consider the cross-petition in error filed by the defendant in error. The smelting company first contends that the plaintiff below abandoned all of his causes of action alleged in his petition except two. The petition contained seven specific allegations of negligence, which may be summarized as follow: (1) That defendant failed to inspect the wall and arch that fell and injured the plaintiff; (2) that it negligently failed to shore up the wall that fell; (3) that the defendant negligently failed to furnish timbers or appliances for shoring up the wall; (4) that the defendant negligently proceeded with the work of taking down the buck stays without having taken any precaution against the arch and walls falling; (5) that the defendant adopted and pursued a dangerous plan and method in taking down the wall, in that the defendant should have taken down the arch and flue before removing the buck stays; (6) that defendant failed to furnish the plaintiff a safe place to work; (7) a failure to give plaintiff warning of the removal of the buck stays and rods, and the placing of men at work on the flue or boiler, and the fact that such work weakened the walls and arch and caused them to fall. In

the brief of plaintiff in error it is contended that all but two of these grounds were abandoned by the plaintiff below because the plaintiff's attorney only stated two of them. This is untenable. The issues are determined by the pleadings.

As opposed to the claims of negligence, the defendant below asserted that the plaintiff knew as well as did the defendant the dangers to which he was exposed, and by implication agreed to assume the risk of injury; that the defendant was not under obligation to furnish plaintiff a reasonably safe place to work, but only a reasonably safe place considering the hazardous nature of the work itself; that the employer has the right to judge for himself the manner in which he will carry on his business, and a servant having knowledge of the circumstances must judge for himself whether he will continue in the service; that the defendant was under no duty to inspect the structure, because there was nothing to suggest the necessity for an inspection; that the injury occurred as the result of the risk that was apparent to the plaintiff, and that, after the accident happened, he should not be permitted to shift the responsibility.

The instructions of the court fairly presented to the jury the theories of both the plaintiff and the defendant, and it seems that the case was submitted to the jury under proper instructions. While there was evidence in support of both theories it was for the jury to determine what they would believe, and they evidently believed the defendant was negligent. The very circumstances of the case are strong evidence in support of the plaintiff's claim. The fact that the smelting company, after the construction of the structure, found it necessary or advisable to place buck stays for the support of the north wall at a time when the heavy iron flue did not rest upon the arch, but was supported by the roof, and the wall itself was not exposed to the elements and wet by the rain—these facts, of course,

presumably being known to the defendant—would reasonably lead the jury to infer that the smelting company ought to have exercised care in taking down the structure, and ought not to have cut the rods that supported the top of the buck stays and allowed the heavy iron flue to rest upon the arch or removed the buck stays themselves without making some provision for shoring up the wall, at least without notifying the plaintiff of the dangers attendant upon such work. It was in evidence that the plaintiff did not know these facts; and while there was evidence tending to show that he did know them, the question presented was one to be answered by the jury.

If the plaintiff below knew all the facts, and saw fit to accept employment and to work in a dangerous place, he must be presumed to have accepted the risk, and cannot shift the responsibility for the accident; but if he did not know that the arch was cracked, that the wall was already leaning out slightly from a perpendicular, that the wall was wet, that the ground at the base of the wall was wet, and other facts concerning which there was evidence, and if the smelting company, or its foreman, knew these facts, or in the exercise of ordinary care ought to have have known them, and did not warn the plaintiff of the danger, then the smelting company should be responsible for the injury.

We have examined the various objections to the introduction of testimony and have failed to discover any material error. The judgment of the court below is affirmed.

All the Justices concurring.